**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., | |
| Plaintiffs, | Case No. _____ |
| v. | |
| CHAMPION HEALTH AND WELLNESS CLINICS LLC, | |
| Defendant. | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**<u>FALSE ADVERTISING, AND UNFAIR COMPETITION</u>**

Plaintiffs Novo Nordisk A/S ("NNAS") and Novo Nordisk Inc. ("NNI") (collectively, "Plaintiffs" or "Novo Nordisk"), by and through their attorneys, King & Spalding LLP, file their complaint against Champion Health and Wellness Clinics LLC ("Defendant") for injunctive and other relief.  Plaintiffs allege as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters.

<u>**INTRODUCTION**</u>

1.      Novo Nordisk is a healthcare company with a 100-year history of innovation in developing medicines to treat serious chronic diseases like diabetes and obesity.

2.      The development of semaglutide is an example of Novo Nordisk's commitment to innovation for people living with chronic diseases.  Semaglutide is the foundational molecule which serves as the primary ingredient for Novo Nordisk's three prescription-only medicines approved by the Food and Drug Administration ("FDA"): Wegovy® (semaglutide) injection 2.4 mg, for chronic weight management, and Ozempic® (semaglutide) injection 0.5 mg, 1 mg, or 2 mg and Rybelsus® (semaglutide) tablets 7 mg or 14 mg, both for adults with type 2 diabetes.

3.      Novo Nordisk is the only company in the U.S. with FDA-approved products containing semaglutide.  Novo Nordisk is also the only company authorized to identify its products containing semaglutide using the trademarks Wegovy®, Ozempic®, and Rybelsus®.  The FDA has not approved any generic versions of semaglutide.

4.      This is an action brought pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., related state laws and the common law, arising out of Defendant's infringement of Plaintiffs' rights in their Wegovy® mark and Defendant's acts of false advertising and unfair competition.

### Novo Nordisk's FDA-Approved Semaglutide Product, Wegovy®, and Registered Trademark

5.      Plaintiffs use the trademark "Wegovy" to identify and promote the FDA-approved drug, Wegovy®.  Wegovy® is sold and marketed in the United States by NNAS's, indirect, wholly-owned subsidiary, NNI.

6.      Wegovy® is indicated for chronic weight management in adults and children aged ≥12 years with obesity (BMI ≥30 for adults, BMI ≥ 95th percentile for age and sex for children), or some adults with excess weight (BMI ≥27) (overweight) with weight-related medical problems, along with a reduced calorie meal plan and increased physical activity.

7.      Wegovy® has a unique safety and efficacy profile which is detailed in its product label.

8.      Wegovy® is a prescription-only medicine that should only be prescribed in direct consultation with, and under the supervision of, a licensed healthcare professional.

9.      Wegovy® has been extensively studied in clinical trials and is FDA-approved.

10.     Novo Nordisk does not sell its FDA-approved semaglutide product, Wegovy®, to Defendant, for resale or redistribution.

11.     Novo Nordisk first adopted and used the Wegovy® mark at least as early as 2021, and has used it continuously since that time.  Novo Nordisk has extensively promoted, advertised and marketed its prescription-only medicine bearing the Wegovy® mark in many different channels, directed both to physicians and other health care professionals and to consumers.

12.     As a result of its use of the Wegovy® mark, NNAS owns valuable common law rights in and to the Wegovy® mark.

### Defendant's Trademark Infringement and False Advertising in Connection With its Sale to Patients of Unapproved Compounded Drugs

13.     Defendant markets and sells to patients compounded drug products that purport to contain semaglutide and that are not approved by the FDA ("Unapproved Compounded Drugs").

14.     On information and belief, the Unapproved Compounded Drugs sold by Defendant are made by compounding pharmacies, which deliver them to Defendant for administration or dispensing to patients.

15.     The FDA defines compounding as a "practice in which a licensed pharmacist, a licensed physician, or, in the case of an outsourcing facility, a person under the supervision of a licensed pharmacist, combines, mixes, or alters ingredients of a drug to create a medication tailored to the needs of an individual patient."   *See* https://www.fda.gov/drugs/guidance-compliance-regulatory-information/human-drug-compounding.

16.     According to the FDA, "[c]ompounded drugs are not FDA-approved.  This means that FDA does not review these drugs to evaluate their safety, effectiveness, or quality before they reach patients."

17.     The FDA has further stated that: "Compounded drugs . . . do not have the same safety, quality, and effectiveness assurances as approved drugs.  Unnecessary use of compounded drugs unnecessarily exposes patients to potentially serious health risks.  Because compounded

drugs are not FDA-approved, FDA does not verify their safety, effectiveness or quality before they are marketed."[1]

18.     On May 31, 2023, FDA issued guidance on "medications containing semaglutide marketed for Type 2 diabetes or weight loss," which provides that: (1) "compounded drugs are not FDA-approved, and the agency does not verify the safety or effectiveness of compounded drugs"; and (2) "FDA has received adverse event reports after patients used compounded semaglutide. Patients should not use a compounded drug if an approved drug is available to treat a patient. Patients and health care professionals should understand that the agency does not review compounded versions of these drugs for safety, effectiveness, or quality."

19.     Defendant uses Novo Nordisk's Wegovy® trademark to market and sell Unapproved Compounded Drugs purporting to contain "semaglutide" that are not Wegovy®. Defendant unlawfully uses Novo Nordisk's trademark to attract customers and generate revenues and profits, including by passing off as Wegovy® its own Unapproved Compounded Drugs purporting to contain "semaglutide."

20.     Defendant first started using Novo Nordisk's Wegovy® mark to advertise its Unapproved Compounded Drugs well after NNAS's first use and registration of its Wegovy® mark.

21.     Defendant also falsely advertises its Unapproved Compounded Drugs on its website by making statements that describe Wegovy®, but are false or misleading as to Defendant's Unapproved Compounded Drugs.

---

[1]   Compounding and the FDA: Questions and Answers, https://www.fda.gov/drugs/human-drug-compounding/compounding-and-fda-questions-and-answers.

22.    Defendant has made misleading statements in advertising and promotion that claim or imply that its Unapproved Compounded Drugs have been approved by FDA and/or have been subjected to clinical studies and trials.

23.    Defendant continues to use the Wegovy® mark, including in advertising and promotion on its website and on other websites viewed by its customers who, upon information and belief, are seeking to buy but are in fact not buying genuine Wegovy® products.

24.    Defendant's prominent and misleading use of the Wegovy® mark is likely to cause consumers to falsely believe that they are actually purchasing genuine Wegovy® products, that Defendant is a source for Novo Nordisk's FDA-approved products, and/or that Defendant's services are provided, licensed, sponsored, authorized, or approved by Novo Nordisk.

25.    Defendant's use of the Wegovy® mark is without the permission, consent or authorization of Novo Nordisk.  Defendant has no right to use, and Defendant knows that it has no right to use, the Wegovy® mark in connection with Defendant's Unapproved Compounded Drugs or otherwise.

26.    Novo Nordisk has no control over the nature, quality or efficacy of the products sold by Defendant, including the Unapproved Compounded Drugs.

## **THE PARTIES**

27.    Plaintiff NNAS is a corporation organized and existing under the laws of the Kingdom of Denmark and has its principal place of business in Bagsværd, Denmark.

28.    Plaintiff NNI is a Delaware corporation and has its principal place of business in Plainsboro, New Jersey.

29.    NNI promotes, offers, and/or sells Novo Nordisk's Wegovy® products throughout the United States, including in this District.  NNAS has granted to NNI exclusive rights to market, advertise, promote, offer for sale and sell Wegovy® products in the United States.

30.     Defendant is a Texas limited liability company with a business address at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.  Defendant operates its business at 4295 San Felipe Street, Suite 335, Houston, Texas 77027, in this judicial district.  Defendant sells and promotes Unapproved Compounded Drugs masquerading as Wegovy® and/or uses the Wegovy® mark in its advertising and promotion of Unapproved Compounded Drugs that are not Wegovy®.

## JURISDICTION AND VENUE

31.     The Court has subject matter jurisdiction over the Lanham Act causes of action pleaded herein pursuant to 35 U.S.C. § 1121 and 28 U.S.C. § 1338(a).  The Court has supplemental jurisdiction over the state and common law causes of action pleaded herein pursuant to 28 U.S.C. § 1338(b).

32.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant operates in this District, manufactures and/or sells its Unapproved Compounded Drugs in this District, and otherwise conducts business in this District.  Defendant is subject to personal jurisdiction in this District.

## NOVO NORDISK'S WEGOVY® TRADEMARK

33.     Plaintiff NNAS is the owner of (a) U.S. trademark registration number 6,585,492, issued on December 14, 2021, for the mark WEGOVY for pharmaceutical preparations, in International Class 5.  A true and correct copy of Plaintiff's registration number 6,585,492 for the WEGOVY® mark is attached hereto as **Exhibit A**.

34.     The Wegovy® trademark is inherently distinctive.

35.     Novo Nordisk promotes and advertises its Wegovy® products through various channels, including on the websites wegovy.com and/or novonordisk-us.com, and to physicians and licensed healthcare professionals, among others.

36.     As a result of Novo Nordisk's long use, promotion, and advertising of the Wegovy® trademark and products, the Wegovy® mark is exclusively associated with Plaintiffs, serves to identify genuine Novo Nordisk products, and is a valuable asset of Novo Nordisk.

37.     As a result of Novo Nordisk's long use, promotion, and advertising of the Wegovy® trademark and products, the Wegovy® trademark is a well-known, strong and famous mark, and became famous prior to any of the acts of Defendant complained of herein.

**DEFENDANT'S INFRINGING USE OF THE WEGOVY® MARK**

38.     Long after Novo Nordisk's first use of the Wegovy® mark at least as early as 2021, long after NNAS's priority date of 2020 for the Wegovy® trademark, and long after NNAS secured federal registration for the Wegovy® mark in 2021, Defendant started using the Wegovy® mark in commercial advertising and promotion to promote its Unapproved Compounded Drugs in a false and misleading way.  Examples of Defendant's trademark infringement and false advertising are attached hereto as **Exhibit B**.

39.     Defendant promotes its Unapproved Compounded Drugs by using the Wegovy® trademark on its website, including in a "weight loss" drop down menu where one of the options is "Semaglutide (Wegovy)."  One of the pages on Defendant's website is located at the URL https://championhealthandwellness.com/weight-loss-wegovy/.  That page includes a header reading "Semaglutide (Wegovy)" and language such as "How much weight have people lost with Semaglutide (Wegovy™)?  Adults lost on average approximately 35 lbs or 15% of body weight while taking Wegovy."  The home page advertises "Guaranteed weight loss personalized plans with FDA approved options."  The images below are true and correct representations of images on websites located at https://championhealthandwellness.com/ and https://championhealthandwellness.com/weight-loss-wegovy/ as of the date of the filing of this Complaint.





Weight loss can be hard!

Eating right and exercising well may simply not be enough, especially as we age.

How much weight have people lost with Semaglutide (Wegovy™)?

Adults lost on average approximately 35 lbs or 15% of body weight while taking Wegovy.

40.    Defendant also advertises deals on the platform Groupon for "Semaglutide (Wegovy) Weight Loss Program," stating that "Semaglutide (Wegovy) aims to reduce appetite and works by mimicking a hormone that targets areas of the brain involved in regulating appetite and food intake."  It further notes, "Please note that this deal is for one month at the starting dose

of Semaglutide (Wegovy)[.]"   The below images are true and correct representations of information on one of Defendant's Groupon advertisements.

## About This Deal

**How customers are supposed to participate: this is a phone call. Customers can request a video call —the merchant provides all necessary information and links after a consult form has been submitted.**

**Semaglutide (Wegovy) Weight Loss Program (First Month); Shipping not included: Online Weight Loss Program**

**Semaglutide (Wegovy) Weight Loss Program (Two Month); Shipping not included: Online Weight Loss Program**

What's included:

- Telemedicine consultation
- Starter dose of medication (if prescribed)
- Medication (if prescribed)
- Unlimited follow-up texting with their doctor
- All materials needed to administer the medication
- Priority support
- Shipping charge not included and will be due upon checkout
- Semaglutide (Wegovy) aims to reduce appetite and works by mimicking a hormone that targets areas of the brain involved in regulating appetite and food intake.
- Please note that this deal is for one month at the starting dose of Semaglutide (Wegoy) (Wk1: 0.25mg Wk2: 0.5mg Wk3: 0.75mg Wk 4 1.0mg)
- Shipping not included

    41.   Defendant's labels, advertising and promotional materials are false and misleading, suggesting and/or stating an association with Plaintiffs' FDA-approved Wegovy® products, when no such association exists.

    42.   There is no need for Defendant to use the Wegovy® trademark to advertise or promote its Unapproved Compounded Drugs purporting to contain "semaglutide," other than to trade upon the reputation of Plaintiffs and to create confusion in the marketplace and/or mislead the public regarding the origin, identity or source of Defendant's Unapproved Compounded Drugs.

    43.   Defendant's unauthorized use of the Wegovy® trademark is likely to cause confusion, to cause mistake, or to deceive, and infringes Plaintiffs' established exclusive rights in that trademark.

9

44.     Upon information and belief, unless enjoined by this Court, Defendant will continue to use the Wegovy® mark and/or otherwise falsely advertise its products as associated with or being Wegovy®, all in violation of Plaintiffs' rights.

## FIRST CAUSE OF ACTION

### (Trademark Infringement in Violation of 15 U.S.C. § 1114(1))

45.     Plaintiff NNAS realleges and incorporates by reference each of the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth here.

46.     Plaintiff NNAS's Wegovy® mark is an inherently distinctive, strong, valid, and protectable trademark owned by Plaintiff NNAS.

47.     Plaintiff NNAS's trademark registration for its Wegovy® mark constitutes *prima facie* evidence of the validity of the mark, of Plaintiff NNAS's registration and ownership of the mark, and of Plaintiff NNAS's exclusive right to use the mark in commerce on or in connection with the goods identified in the registrations.

48.     By virtue of its prior use and registration, Plaintiff NNAS has priority over Defendant with respect to the use of the Wegovy® mark for pharmaceutical preparations sold in the United States.

49.     Defendant uses the Wegovy® mark in connection with the sale, advertising, and promotion of Unapproved Compounded Drugs purporting to contain semaglutide.

50.     Defendant's use in commerce of the Wegovy® mark is likely to cause confusion, to cause mistake, or to deceive with respect to Plaintiff NNAS's identical mark.

51.     The above-described acts of Defendant constitute infringement of registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), entitling Plaintiff NNAS to relief.

52.     Defendant has unfairly profited from its trademark infringement.

53.     By reason of Defendant's acts of trademark infringement, Plaintiff NNAS has suffered damage to the goodwill associated with its mark.

54.     Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff NNAS, its federally registered trademark and the valuable goodwill associated with that trademark.

55.     Defendant's acts of trademark infringement have irreparably harmed, and if not enjoined, will continue to irreparably harm the interests of the public in being free from confusion, mistake, and deception.

56.     By reason of Defendant's acts, Plaintiff NNAS's remedies at law are not adequate to compensate for the injuries inflicted by Defendant.  Accordingly, Plaintiff NNAS is entitled to entry of preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

57.     By reason of Defendant's willful acts of trademark infringement, Plaintiff NNAS is entitled to treble damages under 15 U.S.C. § 1117.

58.     This is an exceptional case, making Plaintiff NNAS eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (Trademark Infringement, Use of False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a)(1)(A))

59.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth here.

60.     Defendant uses the Wegovy® mark in commerce in connection with Defendant's goods and services and in commercial advertising and promotion of its goods and services.

61.     Defendant uses the Wegovy® mark in commerce in a manner that is likely to cause confusion, or to cause mistake, or to deceive the relevant public into believing that Defendant's

goods or services are authorized, sponsored, approved by, or otherwise affiliated with Plaintiffs, with Plaintiffs' genuine Wegovy® products, and/or with the Wegovy® mark.

62.     The above-described acts of Defendant constitute infringement of the Wegovy® mark and use of false designations of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), entitling Plaintiffs to relief.

63.     Defendant has unfairly profited from the actions alleged.

64.     By reason of the above-described acts of Defendant, Plaintiffs have suffered damage to the goodwill associated with the Wegovy® trademark.

65.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs, the Wegovy® trademark, and the valuable goodwill associated with the trademark.

66.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

67.     By reason of Defendant's acts, Plaintiffs' remedies at law are not adequate to compensate for the injuries inflicted by Defendant.  Accordingly, Plaintiffs are entitled to entry of preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

68.     Because the above-described acts of Defendant are willful, Plaintiffs are entitled to treble damages under 15 U.S.C. § 1117.

69.     This is an exceptional case, making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

**(Defendant's False and Misleading Advertising and Promotion
in Violation of 15 U.S.C. § 1125(a)(1)(B))**

70.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth here.

71.     Defendant's practices, as described in this Complaint, constitute unfair competition and false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

72.     Defendant has violated the Lanham Act by using false or misleading descriptions of fact and false or misleading representations of fact in its commercial advertising or promotion that misrepresent the nature, characteristics, and/or qualities of Defendant's business practices and products, as set forth above.

73.     Defendant has also engaged in other false or misleading advertising and promotion intended to assure consumers that Defendant's practices are lawful.  Upon information and belief, Champion Health and Wellness LLC provides consumers who purchase Defendant's Unapproved Compounded Drugs (or whom Defendant is trying to persuade to purchase its drugs) information that makes several false or misleading statements, including:

74.     Defendant's website includes the statement: "How much weight have people lost with Semaglutide (Wegovy™)?  Adults lost on average approximately 35 lbs or 15% of body weight while taking Wegovy," implying and misleading readers into believing that Defendant is selling Wegovy® and not its Unapproved Compounded Drug.

75.     Defendant also advertises through the platform Groupon that its Unapproved Compounded Drugs are "FDA approved[,]" and that "Studies show a 15+% body Weight Loss (Avg 35lbs)[,]" implying and misleading readers into believing that Defendant's Unapproved Compounded Drugs are fully approved by the FDA and have been subjected to clinical trials.  The below image is a true and correct representation of information on one of Defendant's Groupon advertisements.

- Semaglutide consists of 1 injection per week for 8-weeks.

- Semaglutide is the Gold Standard in Medical Weight Loss.

- FDA approved.

- Studies show a 15+% body Weight Loss (Avg 35lbs).

76.     The above-described acts of Defendant, if not enjoined by this Court, are likely to deceive members of the general public.

77.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs.

78.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

79.     By reason of Defendant's acts as alleged above, Plaintiffs have suffered and will continue to suffer injuries, including injury to Plaintiffs' business reputation.  However, Plaintiffs' remedies at law are not adequate to compensate for all the injuries inflicted by Defendant.  Accordingly, Plaintiffs are entitled to entry of preliminary and permanent injunctive relief requiring Defendant to cease its false and misleading advertising and promotion and unfair competitive practices.

## FOURTH CAUSE OF ACTION

### (Common Law Unfair Competition)

80.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth here.

81.     The above-described acts of Defendant constitute common law unfair competition.

82.     The above-described acts of Defendant unfairly and wrongfully exploit Plaintiffs' trademark, goodwill and reputation.

83.     By reason of the above-described acts of Defendant, Plaintiffs have suffered damage to the goodwill associated with the Wegovy® trademark.

84.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the Wegovy® trademark.

85.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

86.     By reason of Defendant's acts, Plaintiffs' remedies at law are not adequate to compensate for the injuries inflicted by Defendant.  Accordingly, Plaintiffs are entitled to entry of preliminary and permanent injunctive relief, in addition to disgorgement of Defendant's profits, and corrective advertising costs.

## FIFTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

87.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth here.

88.     "A trademark infringement and unfair competition action under Texas common law presents essentially 'no difference in issues than those under federal trademark infringement

claims.'" *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53

S.W. 3d 799, 806 n. 3 (Tex. App.—Austin 2001, pet. denied) (quoting *Zapata Corp. v. Zapata*

*Trading Int'l, Inc.*, 841 S.W. 2d 45, 47 (Tex. App.—Houston [14th Dist.] 1992, no writ)).

89.     The above-described acts of Defendant constitute common law trademark

infringement.

90.     The above-described acts of Defendant unfairly and wrongfully exploit Plaintiffs'

trademark, goodwill and reputation.

91.     The above-described acts of Defendant have irreparably harmed and, if not

enjoined, will continue to irreparably harm Plaintiffs and the trademark.

92.     The above-described acts of Defendant have irreparably harmed and, if not

enjoined, will continue to irreparably harm the interest of the public in being free from confusion,

mistake, and deception.

93.     By reason of the above-described acts of Defendant, Plaintiffs have suffered an

ascertainable loss, including damage to the goodwill associated with its trademark.

94.     Defendant has unfairly profited from the actions alleged.

95.     By reason of Defendant's acts, Plaintiffs' remedy at law is not adequate to

compensate for the injuries inflicted by Defendant.  Accordingly, Plaintiffs are entitled to entry of

preliminary and permanent injunctive relief, in addition to monetary relief such as disgorgement

of Defendant's profits, and corrective advertising costs.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendant as follows:

1.     That the Court enter a judgment against Defendant that Defendant has:

    a.   Infringed the rights of Plaintiff NNAS in its federally registered Wegovy®

        mark, in violation of 15 U.S.C. § 1114(1);

16

    b.  Infringed the rights of Plaintiffs in the Wegovy® mark and engaged in unfair competition, in violation of 15 U.S.C. § 1125(a);

    c.  Engaged in false and misleading advertising and promotion, in violation of 15 U.S.C. § 1125(a);

    d.  Engaged in unfair competition and trademark infringement under the common law of Texas.

2.    That each of the above acts was willful.

3.    That the Court preliminarily and permanently enjoin and restrain Defendant and its agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

    a.  Using the trademark Wegovy®, or any marks, names or designations confusingly similar to it, in connection with the advertising, promoting, marketing, selling or offering for sale of any goods or services (including, but not limited to, Unapproved Compounded Drugs) or otherwise engaging in any activity that is likely to cause confusion, cause mistake or deceive or otherwise infringes any rights of Plaintiffs in and to the Wegovy® mark or any similar marks;

    b.  Falsely stating or suggesting that any Unapproved Compounded Drugs are genuine Wegovy® products, that Defendant is associated or connected in any way with Plaintiffs or Plaintiffs' products, or that Defendant's Unapproved Compounded Drugs are approved by the FDA;

    c.  Falsely stating or suggesting that Defendant's Unapproved Compounded Drugs have been proven to achieve certain therapeutic results or effects;

> d.  Engaging in any unfair competition with Plaintiffs; and/or
>
> e.  Engaging in any deceptive acts or practices.

4.      Requiring Defendant, its agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, to engage in corrective advertising by informing consumers that Defendant is not and never has been authorized, affiliated, sponsored, approved, or related to Plaintiffs or genuine Wegovy® products and that Defendant's Unapproved Compounded Drugs are not and have never been genuine Wegovy® products or approved by the FDA.

5.      That Plaintiffs be awarded monetary relief in the form of disgorgement of Defendant's profits for Defendant's trademark infringement, false advertising and unfair competition and that this monetary relief be trebled due to Defendant's willfulness, in accordance with the provisions of 15 U.S.C. § 1117 and any applicable state laws.

6.      That Plaintiffs be awarded all Defendants' profits resulting from Defendant's infringement of Plaintiffs' rights and by means of Defendant's unfair competition.

7.      That Defendant be ordered to account for and disgorge to Plaintiffs all amounts by which Defendant has been unjustly enriched by reason of Defendant's unlawful actions.

8.      That Plaintiffs be awarded punitive damages by reason of Defendant's willful unlawful actions.

9.      For pre-judgment and post-judgment interest on all damages.

10.     That the Court award Plaintiffs their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable provision of law.

11.     That the Court award Plaintiffs the costs of suit incurred herein.

12.     For such other or further relief as the Court may deem just and proper.

DATED:  June 20, 2023                    Respectfully submitted,

                                                          King & Spalding LLP

                                                           By:   */s/ Nicole Bronnimann*

                                                                     Nicole Bronnimann
                                                                    *Attorney-in-charge*
                                                                     Texas Bar No. 24109661
                                                                     Southern District No. 3484321
                                                                     **King & Spalding LLP**
                                                                     1100 Louisiana Street, Suite 4100
                                                                     Houston, TX 77002-5213
                                                                     Tel.: (713) 751-3200
                                                                     Fax: (713) 751-3290
                                                                     nbronnimann@kslaw.com

                                                                     *Of counsel*
                                                                     Aaron S. Craig
                                                                     *(Pro hac vice application forthcoming)*
                                                                     Joseph N. Akrotirianakis
                                                                     *(Pro hac vice application forthcoming)*
                                                                     633 West Fifth Street, Suite 1600
                                                                     Los Angeles, CA 90071
                                                                     (213) 443-4355
                                                                     acraig@kslaw.com
                                                                     jakro@kslaw.com

                                                                     Bruce W. Baber
                                                                     *(Pro hac vice application forthcoming)*
                                                                     1180 Peachtree Street, NE, Suite 1600
                                                                     Atlanta, GA 30309-3521
                                                                     (404) 572-4600
                                                                     bbaber@kslaw.com

                                                                     ***Attorneys for Plaintiffs***
                                                                     ***NOVO NORDISK A/S and***
                                                                     ***NOVO NORDISK INC.***